1

2

3

4                 UNITED STATES DISTRICT COURT

5                 NORTHERN DISTRICT OF CALIFORNIA

6

7    JOHN MALASPINA,                        Case No.  25-cv-05411-JSC

8              Plaintiff,

9         v.                               **ORDER RE: DEFENDANT'S MOTION
                                           TO DISMISS**
10   AMERICAN AIRLINES, INC.,              Re: Dkt. Nos. 16, 18, 20

             Defendant.
11

12

13         John Malaspina sues American Airlines, Inc. for damages arising from American's "100% healed"

14   policy and termination of Malaspina's employment.  Plaintiff brings claims under the Americans with

15   Disabilities Act ("ADA"), the California Fair Employment and Housing Act ("FEHA"), and California

16   Labor Code § 1102.5.  (Dkt. No. 1-2.)[1]  Currently pending before the Court is Defendant's motion to

17   dismiss all claims.  (Dkt. No. 16.)  After carefully considering the arguments and briefing

18   submitted, the Court concludes oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and **GRANTS**

19   Defendant's motion to dismiss with leave to amend.

20                              **BACKGROUND**

21      **A.  First Amended Complaint Allegations**

22         Defendant employed Plaintiff from 2007 to 2023.  (Dkt. No 1-2 ¶ 8.)  In 2008, during his

23   employment as a Fleet Service Clerk and Ramp Agent, Plaintiff suffered a traumatic brain injury while

24   operating a company vehicle.  (*Id.* ¶¶ 16, 23.)  Plaintiff was placed on work restrictions by a medical

25   provider, and, after being out of work for several weeks, was allowed to return to work and assigned to

26   Cabin Crew because of an accommodation.  (*Id.* ¶ 23.)  In or around 2008 to 2009, Defendant directed

27   _____

28   [1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the
     ECF-generated page numbers at the top of the documents.

United States District Court
Northern District of California

Plaintiff to return to his original position as a Fleet Service Clerk and Ramp Agent. (*Id.* ¶ 24.) Defendant denied Plaintiff's request to be placed in a different position, and, in 2009, Plaintiff was laid off. (*Id.* ¶ 25.) In 2010, Plaintiff requested to transfer to a position in the Admirals Club but was not selected. (*Id.* ¶ 26.) Plaintiff alleges "similarly situated employees who were also laid off, were reinstated to their positions, however, Plaintiff was not reinstated due to his disability and American Airlines' unlawful reliance on its past or present 100% healed policy." (*Id.* ¶ 27.)

In 2015, Defendant asked Plaintiff to return to work so long as he received a medical evaluation confirming he was okay to return. (*Id.* ¶ 28.) In December 2015, a medical provider for Defendant informed Plaintiff he could not return to work until he was 100% healed from his injury. (*Id.*) From 2016 to 2018, Plaintiff provided Defendant with medical updates and requested accommodations so he could return to work, and in 2018, Plaintiff was released from medical care. (*Id.* ¶ 30.) Plaintiff was never given accommodations or reinstated. (*Id.*) Plaintiff alleges, during all relevant times, he "complained to Defendant that he was being denied reasonable accommodation despite other workers in a similar situation receiving accommodations." (*Id.* ¶ 31.)

On August 10, 2021, Plaintiff told Faith Ikeda, a manager at American Airlines, that he felt he was being discriminated against because he was disabled and again asked for accommodations. (*Id.* ¶ 32.) His request was denied. (*Id.*) On April 21, 2022, Defendant terminated Plaintiff's employment. (*Id.* ¶ 34.) Plaintiff alleges he "repeatedly complained that he was being illegally denied accommodation and reinstatement" during all relevant times. (*Id.* ¶ 36.)

**B. Procedural Background**

After his termination, Plaintiff filed a charge of discrimination with the California Civil Rights Department ("CRD") which dual filed his complaint with the U.S. Equal Employment Opportunity Commission ("EEOC"). (Dkt. No. 17-1 at 5.) On May 19, 2023, the CRD issued Plaintiff a right-to-sue notice. (Dkt. No. 1-2 ¶ 15.) And on June 9, 2023, the EEOC issued Plaintiff a right-to-sue notice. (*Id.*) Plaintiff filed suit in the San Mateo Superior Court on April 15, 2025. (Dkt. No. 1-1.) Plaintiff then filed the First Amended Complaint. (Dkt. No. 1-2.) Two months later, Defendant removed the case to federal court based on federal question and diversity jurisdiction. (Dkt. No. 1)

Plaintiff's First Amended Complaint alleges three claims under the ADA for disability

United States District Court
Northern District of California

1  discrimination (first cause of action), denial of reasonable accommodation (second cause of action), and

2  retaliation and interference (third cause of action).  (Dkt. No. 1-2 ¶¶ 40-66.)  Plaintiff also brings four

3  claims under FEHA for disability discrimination (fourth cause of action), failure to accommodate disability

4  (fifth cause of action), failure to engage in the interactive process (sixth cause of action), and retaliation

5  (seventh cause of action).  (*Id.* ¶¶ 67-113.)  Lastly, Plaintiff brings a whistleblower retaliation claim under

6  California Labor Code § 1102.5 (eighth cause of action).  (*Id.* ¶¶ 114-124.)

7          **C.  Incorporation by Reference**

8          A document may be incorporated by reference into a complaint "if the plaintiff refers extensively

9  to the document or the document forms the basis of the plaintiff's claim."  *United States v. Ritchie*, 342

10  F.3d 903, 908 (9th Cir. 2003).  "Once a document is deemed incorporated by reference, the entire

11  document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are

12  free to refer to any of its contents."  *In re NVIDIA Corp. Sec. Litig., 768 F.3d 1046*, 1058 n.10 (9th Cir.

13  2014) (citation and quotation marks omitted).  Plaintiff refers to several documents throughout his

14  complaint, including Plaintiff's dual-filed EEOC and CRD complaint (Dkt. No. 17-1), Plaintiff's CRD

15  notice of case closure and right-to-sue letter (Dkt. No. 17-2), Plaintiff's EEOC determination and notice of

16  rights letter (Dkt. No. 17-3), the complaint in *White v. American Airlines, Inc.*, Case No. 5:23-cv-01164

17  (W.D. Tex. Sept. 18, 2023) (Dkt. No. 17-4), and the District of Arizona's order granting the consent decree,

18  entering final judgment, and terminating the case in *Equal Emp. Opportunity Comm'n v. American*

19  *Airlines, Inc. & Envoy Air Inc.*, No. 2:17-cv-04059-SPL (D. Ariz.) (Dkt. No. 17-6).  The complaint

20  "necessarily relies" on these documents in alleging entitlement to tolling, and the parties do not dispute

21  their authenticity.  *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).  So, the Court

22  incorporates these documents by reference.

23                              **LEGAL STANDARD**

24          A complaint should be dismissed under Rule 12(b)(6) if it lacks sufficient facts to "state a claim to

25  relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks and

26  citations omitted).  A claim is facially plausible when it "pleads factual content that allows the court to

27  draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  In considering a

28  motion to dismiss, the Court "accept[s] factual allegations in the complaint as true and construe[s] the

United States District Court
Northern District of California

1    pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins.*

2    *Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

3         A claim may be dismissed as untimely pursuant to a 12(b)(6) motion "only when the running of the

4    statute [of limitations] is apparent on the face of the complaint." *U.S. ex rel. Air Control Techs., Inc. v. Pre*

5    *Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (quoting *Von Saher v. Norton Simon Museum of Art*

6    *at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010)).  The statute of limitations is an affirmative defense;

7    therefore, Defendant has the burden of establishing Plaintiff's claims are time-barred.  *Payan v. Aramark*

8    *Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1122 (9th Cir. 2007).

9

10                                    **DISCUSSION**

11        Defendant moves to dismiss all causes of action as time-barred and also moves to dismiss the

12   seventh and eighth causes of action for failure to state a claim.

13   **I.   Statute of Limitations: ADA and FEHA Claims**

14      **A.  ADA**

15        Once the EEOC dismisses a charge and issues a right-to-sue notice, a plaintiff must file his civil

16   action asserting claims under the ADA within 90 days.  *See* 42 U.S.C. § 2000e-5(f)(1) ("[W]ithin ninety

17   days after the giving of . . . notice [of the right to sue,] a civil action may be brought against the respondent

18   named in the charge[.]").  The 90-day period begins on "the date on which a right-to-sue notice letter

19   arrived at the claimant's address of record"—presumed to be three days after issuance if not otherwise

20   known.  *Payan*, 495 F.3d at 1122.  An action not filed within 90 days is time-barred.  *Id.* at 1121.

21        Plaintiff does not dispute his failure to file his ADA claims within 90 days of receiving notice.  The

22   EEOC issued the right-to-sue notice on June 9, 2023, such that Plaintiff had until September 11, 2023, at

23   the latest, to bring his ADA claims, but he did not file this action until April 15, 2025, nearly a year and a

24   half after the deadline had passed.  (Dkt. No. 1-2 ¶ 15; Dkt. No. 1-1.)  Defendant has thus met its burden in

25   establishing Plaintiff's ADA claims are time-barred.

26      **B.  FEHA**

27        Under FEHA, a plaintiff must exhaust his administrative remedies by filing an administrative

28   complaint with the CRD and obtaining a right-to-sue notice.  Cal. Gov't Code §§ 12960, 12965(b); *Romano*

United States District Court
Northern District of California

4

1    *v. Rockwell Int'l, Inc.*, 14 Cal.4th 479, 492 (1996).  Following the CRD issuing a right-to-sue notice, a

2    plaintiff has one year to file a civil action based on the claims in their administrative complaint.  Cal. Gov't

3    Code § 12960(f)(1)(B).  On May 19, 2023, the CRD issued a notice to Plaintiff informing him the CRD had

4    closed his case and of his right-to-sue, beginning the one-year statute of limitations on his FEHA claims.

5    (Dkt. No. 1-2 ¶ 15; Dkt. No. 17-2 at 2.)  Because Plaintiff dual filed his complaint with the EEOC, the

6    CRD's notice also informed Plaintiff that his right-to-sue may be tolled during the pendency of the EEOC's

7    review.  (Dkt. No. 17-2 at 2.)  Assuming the EEOC's review tolled the limitations period, Plaintiff had until

8    June 9, 2024, one year from the EEOC's issuance of Plaintiff's right-to-sue notice, to bring his claims

9    under FEHA.  Yet, Plaintiff did not file this action until April 15, 2025, ten months after the deadline had

10   passed.  (Dkt. No. 1-1.)

11        Plaintiff insists he had four years from his termination to file suit, arguing the three-year deadline

12   to bring an administrative complaint should be added to the one-year deadline for bringing an action

13   following the issuance of a right-to-sue.  However, the only case Plaintiff cites contradicts his position.  *See*

14   *Hall v. Goodwill Indus. of S. Cal.*, 193 Cal. App. 4th 718, 730 (2011) ("The FEHA's one-year limitations

15   period began to run as of the date of the right-to-sue notice issued to Hall, December 24, 2004.").  Because

16   there is no legal support for Plaintiff's contention he had four years to file this action following the issuance

17   of the right-to-sue, and there is no dispute this action was filed more than one year after the issuance of the

18   right-to-sue, Plaintiff's FEHA claims are untimely.  Defendant has therefore met its burden in establishing

19   Plaintiff's FEHA claims are time-barred.

20   **II.  Statute of Limitations: Labor Code § 1102.5 Claim**

21        Defendant next asserts Plaintiff's whistleblower retaliation claim under California Labor Code §

22   1102.5, is also time-barred.  Since § 1102.5 "does not provide its own statute of limitations," the Court

23   looks to the statute of limitations generally applicable under state law.  *Newton v. Bank of Am.*, No. CV 16-

24   09581-AB (RAOx), 2018 WL 6219946, at *3 (C.D. Cal. Jan. 18, 2018).  Under California Code of Civil

25   Procedure § 340(a), a one-year statute of limitations applies to "[a]n action upon a statute for a penalty,"

26   while, under § 338(a), a three-year statute of limitations applies to "[a]n action upon a liability created by

27   statute, other than a penalty or forfeiture.  Cal. Civ. Proc. Code §§ 338(a), 340(a).  "California courts and

28   federal district courts are split as to whether to apply a three-year limitations period or a one-year period" to

United States District Court
Northern District of California

United States District Court
Northern District of California

1   § 1102.5.² *Khan v. SAP Labs*, LLC, No. 18-CV-07490-BLF, 2019 WL 5697928, at *13 (N.D. Cal. Nov. 4,

2   2019).

3          The remedies for a violation of § 1102.5 include a civil penalty and damages.  Section 1102.5(f)

4   provides for a civil penalty.  Cal. Labor Code § 1102.5(f) ("In addition to other remedies available, an

5   employer is liable for a civil penalty … for each violation.").  A plaintiff may also seek damages pursuant

6   to Cal. Labor Code § 1105.  Cal. Labor Code § 1105 ("Nothing in this chapter shall prevent the injured

7   employee from recovering damages from his employer for injury suffered through a violation of this

8   chapter."); *Taswell v. Regents of Univ. of Cal.*, 23 Cal. App. 5th 343, 361 (2018) ("Labor Code section

9   1105 creates a private right of action for damages for violation of section 1102.5.").  It is undisputed a

10  claim for a civil penalty under § 1102.5(f) is subject to a one-year statute of limitations under § 340(a).  But

11  Plaintiff is not requesting a civil penalty under § 1102.5(f); so, the question is whether the § 340(a) one-

12  year limitations period applies to a damages claim just because the statute also includes a civil penalty.  The

13  California intermediate appellate courts have held it does not.

14         In *G.H.I.I. v. MTS, Inc.*, 147 Cal. App. 3d 256, 276-78 (1983), the court analyzed whether § 340(a)

15  applied to the Unfair Practices Act which provided for recovery of actual damages (Bus. & Prof. Code §

16  17070) and treble damages (Bus. & Prof. Code § 17082).  While the plaintiffs conceded the treble damages

17  were penal in nature, they asked the court "to apply a two-fold statute of limitations in the present case: the

18  one-year period to the claim for treble damages, and the three-year period to the recovery of actual

19  damages." *Id.* at 278.  The court agreed, reasoning the claims for treble and actual damages were "based

20  upon separate statutes contained within the same act," and the actual damages were not a penalty.  *Id.* at

21  279; *see also Menefee v. Ostawari*, 228 Cal. App. 3d 239, 243 (1991) (agreeing with the reasoning in

22  *G.H.I.I.* that when "[c]ertain statutory schemes contain separate, independent statutory provisions for

23  recovery of actual damages and treble damages… a claim for actual damages under one statute will be

24  governed by a different statute of limitations than section 340, subdivision 1, which will govern the claim

25  for treble damages.").  In *Hypertouch, Inc. v. ValueClick, Inc.*, 192 Cal. App. 4th 805, 840-41 (2011), the

26

27  ───────────────
    ² The Court is not aware of any published decision from a California state court discussing which statute of
28  limitations applies to § 1102.5 claims.  *Newton*, 2018 WL 6219946, at *3 (making this observation as of
    January 2018 and citing unpublished state law decisions illustrating the lack of consensus on this issue).

1    court again addressed a statutory scheme, Cal. Bus. & Prof. Code § 17529.5, which contained independent

2    provisions for recovery of actual damages (subdivision (b)(1)(B)(i)) and statutory damages (subdivision

3    (b)(1)(B)(ii)).  There, too, the court applied a "two-fold statute of limitations" in which the claim for actual

4    damages was subject to a three-year limitations period while a claim for liquidated damages, which are

5    penal in nature, was subject to a one-year limitations period.  *Id.* at 842-43.

6          "Where an intermediate appellate state court rests its considered judgment upon the rule of law

7    which it announces, that is a datum for ascertaining state law which is not to be disregarded by a federal

8    court unless it is convinced by other persuasive data that the highest court of the state would decide

9    otherwise."  *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940); *see also AGK Sierra De Montserrat,*

10   *L.P. v. Comerica Bank*, 109 F.4th 1132, 1136 (9th Cir. 2024) ("In the absence of a pronouncement by the

11   highest court of a state, the federal courts must follow the decision of the intermediate appellate courts of

12   the state unless there is convincing evidence that the highest court of the state would decide differently.")

13   (cleaned up).  Defendant has not addressed these decisions, let alone convinced the Court the California

14   Supreme Court would decide otherwise.  So, the Court applies the law as set forth by these California

15   appellate decisions.

16         The California Labor Code "provides independent statutory provisions" for recovery of damages

17   under § 1105 and civil penalties under 1102.5(f).  Cal. Labor Code §§ 1102.5(f), 1105; *see Menefee,* 228

18   Cal. App. 3d at 243.  So, "[b]ased on the holdings in *G.H.I.I.* and *Menefee*, we must independently assess

19   the appropriate statute of limitations applicable" to a claim for damages under § 1105 and a claim for

20   penalties under § 1102.5(f).  *See Hypertouch*, 192 Cal. App. 4th at 842.  As Plaintiff's claim for damages is

21   "not in the nature of a 'penalty or forfeiture,'" § 338(a) controls and a three-year statute of limitations

22   applies.  Cal. Civ. Proc. Code §§ 338(a), 340(a).

23         Plaintiff therefore had three years from his termination on April 21, 2022 to bring a § 1102.5

24   damages claim.  Because Plaintiff filed suit on April 15, 2025, within the three-year window, Defendant

25   has not shown his claim is untimely.  Defendant's motion to dismiss Plaintiff's § 1102.5 claim as being

26   time-barred is therefore denied. The Court notes that on October 24, 2025, the Ninth Circuit heard oral

27   argument in *Lokker v. Walmart Inc., et al.*, No. 24-3445 (9th Cir.) on the precise issue presented here.

28   Should the Ninth Circuit conclude a one-year statute of limitation applies to all claims under § 1102.5,

United States District Court
Northern District of California

1    Defendant may move for reconsideration.

2    **III. Equitable Tolling**

3        **A. Equitable Tolling at the Pleading Stage**

4        First, despite Plaintiff's assertion otherwise, courts can resolve equitable tolling at the pleading

5    stage. *See Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011), as amended (Aug. 19, 2011)

6    (holding the district court did not abuse its discretion in rejecting an equitable tolling argument at the

7    motion to dismiss phase); *Lacayo v. Donahoe*, No. 14-CV-04077-JSC, 2015 WL 993448, at *1, 10 (N.D.

8    Cal. Mar. 4, 2015) (finding equitable tolling was not warranted at the pleading stage and, as a result,

9    granting the defendant's motion to dismiss). While equitable tolling determinations are fact dependent,

10    "[c]onclusory allegations and unwarranted inferences … are insufficient to defeat a motion to dismiss."

11    *Lucent Techs.*, 653 F.3d at 1010. Plaintiff's allegations do not support an inference he is entitled to

12    equitable tolling for the reasons set forth below.

13        **B. Equitable Tolling for Federal Claims**

14        Courts apply equitable tolling sparingly. *Nelmida v. Shelly Eurocars, Inc.*, 112 F.3d 380, 384 (9th

15    Cir. 1997). Nevertheless, equitable tolling applies "when extraordinary circumstances beyond the

16    plaintiff's control made it impossible to file a claim on time." *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th

17    Cir. 1999), as amended (Mar. 22, 1999). Mental incompetence may be such an extraordinary circumstance.

18    *Lucent Techs.*, 653 F.3d at 1010. Courts apply a two-part test to assess whether alleged mental

19    incompetence may equitably toll deadlines. *Id.* First, a plaintiff "must show his mental impairment was an

20    'extraordinary circumstance' beyond his control." *Id.* Namely, the "impairment was so severe that either

21    '(a) plaintiff was unable rationally or factually to personally understand the need to timely file, or (b)

22    plaintiff's mental state rendered him unable personally to prepare [a complaint] and effectuate its filing.'"

23    *Id.* (quoting *Bills v. Clark*, 628 F.3d 1092, 1099-1100 (9th Cir. 2010)). Second, the plaintiff "must show

24    diligence in pursuing the claims to the extent he could understand them, but that the mental impairment

25    made it impossible to meet the filing deadline under the totality of the circumstances." *Id.*

26        Plaintiff's First Amended Complaint fails to plead sufficient facts to meet either requirement. First,

27    Plaintiff has not sufficiently alleged his mental impairment was an "extraordinary circumstance." *See*

28    *Lucent Techs.*, 653 F.3d at 1010. Plaintiff alleges his traumatic brain injury resulted in "hypersensitivity to

United States District Court
Northern District of California

8

1   light and sound, memory loss, emotional dysregulation, and difficulty completing routine tasks such as

2   timely paperwork," even causing him to miss medical appointments.  (Dkt. No. 1-2 ¶¶ 16-17.)  Plaintiff

3   further alleges these deficits rendered him "incapable of understanding, processing, or managing legal

4   matters, including his right-to-sue letter issued by the Civil Rights Department," thus preventing him from

5   comprehending and acting timely on his legal claims.  (*Id.*)  Plaintiff insists this entitles him to equitable

6   tolling of the applicable statutes of limitations because he lacked the "legal capacity to timely act on his

7   rights."  (*Id.*)

8          However, the First Amended Complaint lacks specific allegations as to Plaintiff's incapacity during

9   the relevant period—after he received his right-to-sue notices.  It is not sufficient to merely list medical

10  conditions, physical or psychiatric, and allege these conditions rendered the plaintiff unable to timely file.

11  *See Kuklok v. United States Dep't of Veterans Affs.*, No. 19-CV-02958-DMR, 2020 WL 4051561, at *5

12  (N.D. Cal. July 20, 2020), aff'd sub nom. *Kuklok v. U.S. Dep't of Veterans Affs.*, No. 21-15105, 2022 WL

13  256361 (9th Cir. Jan. 26, 2022).  In *Kuklok*, for example, the plaintiff suffered from "at least ten serious

14  medical conditions, including squamous cell carcinoma and depressive disorder."  *Id.* (cleaned up).

15  Although the plaintiff alleged these conditions made "it extremely difficult, if not impossible, to discover,

16  prepare, and file actions against Defendant," the court concluded these conclusory allegations "fail[ed] to

17  provide any meaningful detail" as to how the plaintiff's medical conditions prevented timely filing of the

18  lawsuit.  *Id.*  Same here.  In two paragraphs, Plaintiff alleges his injury rendered him unable to assert a

19  timely claim.  (Dkt. No. 1-2 ¶¶ 16-17.)  But while Plaintiff alleges his injury made it difficult for him to

20  "complete routine tasks such as timely paperwork," he does not allege facts which plausibly support

21  inferring his injury *prevented* him from filing this lawsuit, especially since that very same injury did not

22  preclude him from obtaining right-to-sue letters.

23          Although the Court need not reach the second requirement, Plaintiff also does not allege facts

24  sufficient to support a plausible inference he acted diligently.  Plaintiff argues his diligence in asserting his

25  rights with his employer and the appropriate administrative agencies suffices.  Not so.  Plaintiff's diligence

26  in filing an administrative complaint with the EEOC does not give rise to a plausible inference Plaintiff

27  acted diligently during the subsequent limitations period.  This is particularly true given Plaintiff missed the

28  deadline by almost a year and a half and the absence of *any allegations* as to Plaintiff's diligent pursuit of

United States District Court
Northern District of California

9

his claims in the interim.  And, Plaintiff fails to allege facts showing his "mental impairment made it impossible to meet the filing deadline under the totality of the circumstances."  *See Lucent Techs.*, 653 F.3d at 1010.

Accordingly, Plaintiff's allegations do not raise a plausible inference his brain injury entitles him to equitable tolling on his ADA claims.

### C.  FEHA

Plaintiff's equitable tolling argument for his state law claims fares no better.  Under California law, "application of the doctrine of equitable tolling requires timely notice, and lack of prejudice, to the defendant, and reasonable and good faith conduct on the part of the plaintiff."  *Addison v. State of Cal.*, 21 Cal. 3d 313, 319 (1978).  Defendant does not challenge whether Plaintiff met the first two requirements. The parties only dispute whether Plaintiff exhibited "reasonable and good faith conduct."  *See Addison*, 21 Cal. 3d at 319.

Plaintiff has not pled sufficient facts to raise a plausible inference he engaged in "reasonable and good faith conduct."  *See id.*  Once again, Plaintiff only points to his diligent pursuit of administrative remedies and consistent engagement with his employer regarding his disability and desire to return to work, all of which predated the beginning of the relevant limitations period.  Plaintiff does not plead any facts that explain the ten-month delay in pursuing his FEHA claims or show he engaged in any reasonable and good faith conduct during this period.  Indeed, the length of the delay alone suggests unreasonable conduct. *Darnaa, LLC v. Google, Inc.*, No. 15-CV-03221-RMW, 2016 WL 6540452, at *5 (N.D. Cal. Nov. 2, 2016) ("[T]he length of plaintiff's [ten month] delay suggests unreasonable conduct.").  Plaintiff's only explanation is that the delay was a direct result of his cognitive and neurological impairment.  (Dkt. No. 1-2 ¶¶ 16-17.)  But he does not plead facts plausibly supporting this conclusion.

Further, Plaintiff's reliance on *Hall* is misplaced.  *See Hall v. Goodwill Indus. of S. Cal.*, 193 Cal. App. 4th 718, 730-31 (2011).  Plaintiff argues the *Hall* court "acknowledged that a letter and information from a rehabilitation center indicating it prevented contact with the outside community may be sufficient evidence to support an equitable tolling argument."  (Dkt. No. 18 at 6.)  Plaintiff asserts a letter and information provided by his doctor discussing his impairment, neither of which are alleged in the First Amended Complaint, are analogous to the letter in *Hall*.  However, the *Hall* court was not deciding

10

1    whether the letter from the rehabilitation center could be sufficient, it was determining whether the letter

2    from the rehabilitation center was new evidence that warranted a new trial.  *See* 193 Cal. App. 4th at 730-

3    31.  The court did not make any determination as to equitable tolling because "[e]ven if this evidence was

4    sufficient to support an equitable tolling argument, it was not newly discovered."  *Id.* at 731.

5         Accordingly, Plaintiff's allegations do not raise a plausible inference his brain injury entitles him to

6    equitable tolling on his FEHA claims.

7    **IV. *White v. American Airlines, Inc.* and *EEOC v. American Airlines, Inc.***

8         **A.    *White v. American Airlines, Inc.***

9         On September 18, 2023, a class action, *White v. American Airlines, Inc.,* was filed in the Western

10   District of Texas "on behalf of disabled employees subjected to Defendant's unlawful failure to

11   accommodate, refusal to engage in the interactive process, and enforcement of its de facto '100% healed'

12   policy."  Civil Action No. 5:23-cv-01164 (W.D. Tex.); (Dkt. No. 1-2 ¶ 20; Dkt. No. 17-4.)  Plaintiff

13   contends his claims in this case were tolled while *White* was pending.

14        As an initial matter, the *White* action cannot toll the statute of limitations on Plaintiff's state law

15   claims.  The *White* action is a putative class action that brings claims under federal law, 42 U.S.C. §§

16   12112(a) and (b)(5)(A).  (Dkt. No. 17-4 at 12.)  California does not recognize cross-jurisdictional tolling.

17   *See Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1025 (9th Cir. 2008) (declining to toll California

18   state law claims by the filing of an Illinois class action because "[t]he California Supreme Court has not

19   adopted such cross-jurisdictional tolling"); *see also Centaur Classic Convertible Arbitrage Fund Ltd. v.

20   Countrywide Fin. Corp.*, 878 F. Supp. 2d 1009, 1017 (C.D. Cal. 2011) ("California does not recognize

21   cross-jurisdictional tolling.").  Plaintiff does not dispute this lack of cross-jurisdictional tolling.

22        As for Plaintiff's ADA claims, the *White* action is still not a sufficient basis for tolling the

23   limitations period.  "[C]ommencement of a class action suspends the applicable statute of limitations as to

24   all asserted members of the class who would have been parties had the suit been permitted to continue as a

25   class action."  *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554 (1974).  However, by the time the *White*

26   action *commenced* on September 18, 2023, the statute of limitations for Plaintiff's ADA claims had already

27   run.  (*See* Dkt. No. 17-4.)  The deadline for Plaintiff to file his claims was September 11, 2023, seven days

28   before the *White* action was filed.  Plaintiff contends this delay is excused by his mental impairment, but as

11

1    discussed above, Plaintiff does not allege sufficient facts to justify equitable tolling.

2        **B.  *EEOC v. American Airlines, Inc.***

3        Defendant was also involved in class action litigation brought by the EEOC.  *EEOC v. American*

4    *Airlines, Inc., et al.*, No. CV-17-04059-PHX-SPL (D. Ariz.); (Dkt. No. 1-2 ¶ 18; Dkt. No. 17-6.)  That case

5    resulted in a consent decree requiring Defendant to identify and notify all individuals potentially aggrieved

6    by the challenged practices and to ensure their inclusion in the class-wide remedial process.  (Dkt. No. 1-2

7    ¶ 19.)  The decree was filed on November 3, 2017, and on November 16, 2017, the case was terminated.

8    (Dkt. No. 17-6.)  Yet, Plaintiff was not terminated until April 21, 2022, almost five years later.  (Dkt. No.

9    1-2 ¶ 34.)  Plaintiff concedes the EEOC consent decree does not provide a basis for statutory tolling

10   because Plaintiff was not a party to that case or in the relief group covered by the decree.

11       Plaintiff nevertheless contends the EEOC action put Defendant on notice of Plaintiff's challenge to

12   the "100% healed policy" and undermines any claim of prejudice by Defendant.  Even so, notice and lack

13   of prejudice are not at issue here.

14                                                    ***

15       For these reasons, the Court dismiss Plaintiff's ADA and FEHA claims as time-barred.  Plaintiff's

16   whistleblower retaliation claim under California Labor Code § 1102.5, however, on this record is timely.

17   **V.  Retaliation Claims under FEHA and California Labor Code § 1102.5**

18       Defendant also contends Plaintiff does not plausibly allege his state law retaliation claims.  To

19   establish a prima facie case of retaliation under FEHA or California Labor Code § 1102.5, a plaintiff must

20   allege facts showing "(1) that he engaged in protected activity, (2) that he was thereafter subjected to an

21   adverse employment action by his employer, and (3) that there was a causal link between the protected

22   activity and the adverse employment action."  *Somers v. Digital Realty Tr. Inc.*, No. 14-CV-05180-EMC,

23   2018 WL 3730469, at *14 (N.D. Cal. Aug. 6, 2018); *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal. 4th 1028, 1042

24   (2005).  The parties only dispute whether Plaintiff adequately alleges facts showing a causal link between

25   the protected act and the employment termination.

26       Plaintiff does not sufficiently allege facts supporting a causal link based on temporal proximity or a

27   pattern of antagonism.  Plaintiff alleges on August 10, 2021, after several years of Defendant denying his

28   requests for accommodations, he told Faith Ikeda he felt he was being discriminated against because he was

1    disabled.  (Dkt. No. 1-2 ¶¶ 30, 32.)  Eight months later, on April 21, 2022, Defendant terminated Plaintiff's

2    employment.  (Dkt. No. 1-2 ¶ 32.)

3        For temporal proximity to be "sufficient evidence of causality *to establish a prima facie case*" the

4    proximity "must be very close."  *Arteaga v. Brink's, Inc.*, 163 Cal. App. 4th 327, 354 (2008); *see also*

5    *Loggins v. Kaiser Permanente Int'l.*, 151 Cal. App. 4th 1102, 1110 n.6 (2007) (noting "to permit the

6    inference of a causal nexus … the case law suggests the employer's action must follow 'within a relatively

7    short time' and the plaintiff cited "no case holding that a nine-month hiatus between protected conduct

8    qualifies as a 'relatively short time'").  Drawing all inferences in Plaintiff's favor, the gap is "too great" to

9    permit an inference Plaintiff's complaint in August caused his termination eight months later.  *See*

10    *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1035 (9th Cir. 2006) (concluding an eight-month

11    gap between an employee's complaint and termination was "too great to support an inference that [the

12    plaintiff's] complaints caused his termination"); *cf. Yartzoff v. Thomas*, 809 F.2d 1371, 1375-76 (9th Cir.

13    1987) (determining causation to be sufficiently alleged when the transfer of job duties began less than three

14    months after the plaintiff filed his first administrative complaint and his supervisors issued sub-average

15    performance ratings two weeks after the civil rights office investigated the charges).

16        Plaintiff contends the absence of temporal proximity is not dispositive because he has adequately

17    pled facts showing causation through a pattern of antagonism.  "Although a lack of temporal proximity may

18    make it more difficult to show causation, circumstantial evidence of a 'pattern of antagonism' following the

19    protected conduct can also give rise to the inference."  *Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 895 (9th

20    Cir. 2005) (internal citation omitted).  Plaintiff does not, however, allege circumstantial facts supporting a

21    pattern of antagonism.  Plaintiff only alleges Defendant repeatedly refused to reinstate him, rejected his

22    medical clearances with restrictions, and denied his accommodation requests.  (Dkt. No. 1-2 ¶¶ 29, 30.)

23    Although Plaintiff alleges these actions negatively impacted him, they do not on their own give rise to an

24    inference Plaintiff was subjected to any hostility, let alone a pattern of antagonism.  *See Heyer v.*

25    *Governing Bd. of Mount Diablo Unified Sch. Dist.*, No. C-10-4525 MMC, 2011 WL 2600913, at *3 (N.D.

26    Cal. June 30, 2011) (concluding the defendant's denial of the request to investigate and the denial of a

27    requested transfer did not reflect a "pattern of antagonism," absent more factual allegations "suggesting

28    such request ordinarily would have been granted"), aff'd sub nom. *Heyer v. Governing Bd. of Mt. Diablo*

1    *Unified Sch. Dist.*, 521 F. App'x 599 (9th Cir. 2013); (*Id.* ¶¶ 37-38.)

2           Next, Plaintiff argues he engaged in continued protected activity, repeatedly requesting

3    accommodations, and complaining about their denial into 2022, including shortly before his termination.

4    But these requests and complaints are not alleged in Plaintiff's First Amended Complaint beyond a broad

5    allegation that "[d]uring all relevant times, Plaintiff repeatedly complained that he was being illegally

6    denied accommodation and reinstatement." (Dkt. No. 1-2 ¶ 36.) Plaintiff's complaint does not identify

7    when or how often between August 2021 and April 2022 he allegedly requested accommodations, to whom

8    he made those requests, and what the specific response to those requests were. *See Yartzoff*, 809 F.2d at

9    1376 (finding proximity between multiple instances of protected activity and retaliation to be apparent

10   where the specific dates of the protected activity were close in time to the alleged retaliatory conduct).

11   Plaintiff's continuing protected activity theory is thus inadequately pled.

12          Finally, Plaintiff argues the *EEOC v. American Airlines* and *White v. American Airlines* litigation

13   involving the "100% healed" policy supports an inference of retaliatory motive. However, the connection

14   between the other litigations and Plaintiff's termination—absent more factual allegations suggesting

15   otherwise—is too attenuated to support an inference of retaliatory motive in this case.

16                                                  ***

17          Accordingly, Plaintiff's retaliation causes of action under the FEHA and California Labor Code §

18   1102.5 are dismissed for failure to state a claim.

19   **VI. Leave to Amend is Appropriate**

20          If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to

21   amend the pleading was made, unless it determines that the pleading could not possibly be cured by the

22   allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.2000) (en banc) (internal quotation

23   marks and citations omitted). Here, Plaintiff has requested leave to amend to cure any deficiencies as to

24   equitable tolling and causation. Although Defendant contends leave to amend would be futile, it is not

25   clear "the pleading could not possibly be cured by the allegation of other facts" giving rise to a plausible

26   inference equitable tolling applies or causation exists. *See Lopez*, 203 F.3d at 1127. Thus, Plaintiff is given

27   leave to amend.

28

United States District Court
Northern District of California

**CONCLUSION**

For the reasons set forth above, Plaintiff's ADA and FEHA claims are time-barred; thus, the first through seventh causes of action are dismissed with leave to amend. Should Plaintiff wish to further amend these causes of action, Plaintiff should keep in mind that he must allege facts that give rise to a plausible inference there are grounds for equitable tolling.

The eighth cause of action under California Labor Code § 1102.5, while not time barred, fails to state a claim and is dismissed with leave to amend. Although Plaintiff's seventh cause of action for retaliation under the FEHA is time-barred, this cause of action also fails to state a claim. Should Plaintiff wish to amend these claims, he is reminded that he must allege facts that give rise to a plausible inference of a causal nexus between his protected activity and termination.[3]

Plaintiff's Second Amended Complaint, if any, shall be filed by December 4, 2025. Failure to file a Second Amended Complaint will result in entry of judgment in Defendant's favor on all claims.

This Order disposes of Docket No. 16.

**IT IS SO ORDERED.**

Dated: October 31, 2025

JACQUELINE SCOTT CORLEY
United States District Judge

---

[3] Plaintiff's counsel is cautioned that when representing a statement to be a direct quotation they should ensure the statement is a direct quotation of what is stated in the cited case. (*See* Dkt. No. 18 at 3, 8.)

15