UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN MALASPINA,

Plaintiff,

v.

AMERICAN AIRLINES, INC.,

Defendant.

Case No.  3:25-cv-05411-JSC

**ORDER RE: MOTION TO DISMISS
SECOND AMENDED COMPLAINT**

Re: Dkt. No. 30

John Malaspina sues American Airlines, Inc. for damages arising from American's "100% healed" policy and termination of his employment. Plaintiff brings claims under the Americans with Disabilities Act ("ADA"), the California Fair Employment and Housing Act ("FEHA"), and California Labor Code § 1102.5.  The Court previously granted American's motion to dismiss Plaintiff's ADA and FEHA claims as time barred, and his Section 1102.5 claim for failure to state a claim, all with leave to amend.  (Dkt. No. 24.[1])  American's motion to dismiss the Second Amended Complaint is now pending before the Court.[2]  (Dkt. No. 30.)  After carefully considering the arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the March 12, 2026 hearing, and DENIES the motion to dismiss. Accepting the factual allegations as true and drawing all inferences in Plaintiff's favor, Plaintiff has plausibly alleged a basis for equitable tolling of his ADA and FEHA claims.

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

[2] American does not move to dismiss the Section 1102.5 claim, only the ADA and FEHA claims.

United States District Court
Northern District of California

**DISCUSSION**

Plaintiff concedes his ADA and FEHA claims are untimely, but contends he is entitled to equitable tolling of the statute of limitations.  The ADA and FEHA have different standards for equitable tolling. *Saint Francis Mem'l Hosp. v. State Dep't of Pub. Health*, 59 Cal. App. 5th 965, 980 n.10 (2021).  Under the ADA, the party invoking "equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013) (cleaned up).  (internal quotation omitted). The first element "requires the effort that a reasonable person might be expected to deliver under his or her particular circumstances. Central to the analysis is whether the plaintiff was without any fault in pursuing his claim." *Id*. (cleaned up).  The second element requires a litigant to show that "extraordinary circumstances," including "external circumstances beyond [the litigant's] direct control," caused the "untimeliness and ... ma[de] it impossible to file [the document] on time." *Id*. (quotations omitted).  The standard under FEHA lacks the extraordinary circumstances requirement and instead "requires timely notice, and lack of prejudice, to the defendant, and reasonable and good faith conduct on the part of the plaintiff." *Addison v. State of Cal.*, 21 Cal. 3d 313, 319 (1978).

The Court dismissed Plaintiff's prior complaint with leave to amend to establish a basis for tolling.  (Dkt. No. 24.)  The Second Amended Complaint contains additional allegations in support of his claim for tolling.  (Dkt. No. 26 at ¶¶ 42-72.)  Plaintiff now alleges "[f]rom June 2023 through the date this lawsuit was filed, Plaintiff was continuously incapacitated because of his traumatic brain injury and related neurocognitive impairments" and throughout "this entire period, [he] did not experience any meaningful period of mental clarity that would have allowed him to understand the need to file a lawsuit, take action on a deadline, complete paperwork, contact an attorney, or perform the steps required to start a civil case."  (*Id*. at ¶ 42.)  He was only able to file his CRD administrative complaint in 2022 because a caretaker named Mary "completed the process for him and explained the steps," but when Mary was no longer in his life "he had no support system and no ability to pursue any legal action on his own."  (*Id*. at ¶ 44.)  This includes in 2023 when he received his Right to Sue from the EEOC which he could "not read, understand

2

or act on" because he was "unable to manage even routine daily tasks without assistance." (*Id.* at ¶¶ 43, 45.) He only filed his case "because a friend intervened" and helped him. (*Id.* at ¶ 46.) Between "May 2023 to April 2025 [Plaintiff was] just trying to stay alive battling blood clots, diabetes, kidney, and heart ailments as well as his traumatic brain injury." (*Id.* at ¶ 51.) As an example of these ongoing emergent medical issues, Plaintiff was admitted to the Kaiser Permanente Santa Rosa Emergency Department for urgent treatment on September 12, 2023—the day after the ADA filing deadline. (*Id.* at ¶¶ 47-48.)

American insists these allegations are not sufficient to establish a basis for equitable tolling because Plaintiff's alleged incapacity arises from a 2008 injury and Plaintiff has not alleged "any subsequent injury or aggravating circumstance" that occurred before the filing deadline, his allegations are not specific as to the statutory period, and his allegations are inconsistent with his ability to have "complained to American repeatedly about its purportedly unlawful conduct" and with the level of detail in his administrative complaint. (Dkt. No. 30 at 18-19.) Plaintiff counters his allegations demonstrate the severity of his mental incapacity and that any actions taken in support of his claims were only possible because of his caretaker Mary who did everything.

The Court cannot resolve this matter at the pleading stage. "When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). Read with the required liberality and "construed in the light most favorable" to Plaintiff, the Second Amended Complaint allegations are sufficient to plead Plaintiff's mental impairments precluded him from timely filing this action. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011). American's argument Plaintiff has not pled sufficient specific incidents of his incapacity ignores Plaintiff's allegations that his mental incapacity was all consuming. "[F]actual questions regarding the length and severity of [Plaintiff's] periods of debilitation [] are not appropriate for resolution on a motion to dismiss." *Lopez v. United States*, No. 23-CV-04292-DMR, 2024 WL 4753956, at *5 (N.D. Cal. Nov. 12, 2024) (citing *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) ("[A] complaint cannot be dismissed unless it appears beyond doubt

3

that the plaintiff can prove no set of facts that would establish the timeliness of the claim. For this reason, we have reversed dismissals where the applicability of the equitable tolling doctrine depended upon factual questions not clearly resolved in the pleadings."). Plaintiff has also plausibly alleged diligence given his allegations of ongoing urgent medical care (Dkt. No. 26 at ¶¶ 50-51), and his allegation he pursued his claims when he had assistance either from his caretaker or the friend who helped him find an attorney. Given these allegations, "whether [Plaintiff] was sufficiently diligent in pursuing his claims 'to the extent he could understand them' is a factual question that cannot be resolved at this stage." *Lopez*, 2024 WL 4753956, at *7 (quoting *Johnson*, 653 F.3d at 1010).

As to his FEHA claims, these allegations likewise support an inference Plaintiff engaged in "reasonable and good faith conduct"; that is, the allegations support an inference the delay was not purposeful.[3] *See Addison*, 21 Cal. 3d at 319. Plaintiff alleges his "condition consumed his entire capacity, leaving no ability to pursue legal remedies" and he only did so when a friend intervened and helped him find legal counsel. (Dkt. No. 26 at ¶¶ 51, 61.)

## CONCLUSION

For the reasons stated above, the Court DENIES the motion to dismiss. American's answer is due within 21 days.

The initial case management conference remains on calendar for April 22, 2026 at 2:00 p.m. via Zoom videoconference. A joint case management conference statement is due April 15, 2026.

This Order disposes of Docket No. 30.

**IT IS SO ORDERED.**

Dated: March 9, 2026

JACQUELINE SCOTT CORLEY
United States District Judge

---

[3] American does not dispute Plaintiff satisfies the other two elements: timely notice and lack of prejudice. (Dkt. No. 33 at 14.)

4